## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN CALE HECKMAN, | : | NO. 1:24-CV-02090 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security,* | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Brian Heckman's claim for disability and disability insurance benefits under Title II of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court will affirm the decision of the Commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action is needed to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Procedural History

On April 21, 2022, Heckman applied for disability benefits under Title II of the Social Security Act, alleging disability as of April 5, 2022. Transcript, doc. 9-3 at 11. Following an initial denial, Heckman submitted an appeal, requesting a hearing before an Administrative Law Judge (ALJ). Doc. 9-4 at 20. The ALJ conducted the hearing and determined that Heckman is not disabled. Doc. 9-2 at 28, 37.

Heckman filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Heckman's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 11, 13, 14) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Consent Form, doc. 5.

## B.    The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other

than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 404.1520(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 404.1520(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC") allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's

"impairment(s) must prevent [him] from doing . . . past relevant work." § 404.1520(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allows] adjustment to other work." § 404.1520(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 404.1520(g).

## C.    The ALJ's Decision

Here, the ALJ determined that Heckman "has not been under a disability, . . . from April 5, 2022, through the date of this decision." Doc. 9-2 at 28.  The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 404.1520(a)(4)(i)–(v); *see* Doc. 9-2 at 17-29.

At step one, the ALJ determined that Heckman "has not engaged in substantial gainful activity since April 5, 2020, the alleged onset date." Doc. 9-2 at 17. At step two, the ALJ found that Heckman has the following severe impairments: lumbar spine degenerative disc disease, fibromyalgia, Scheuermann's disease, depression, and anxiety. *Id.* at 18. At step three, the ALJ determined that Heckman "does not have an impairment or combination of impairments that meets or medically

equals the severity of one of the listed impairments in" 20 C.F.R. part

404, subpart P, appendix 1. *Id.* at 18.

Between steps three and four, the ALJ found that Heckman has the

following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except for the following limitations: four hours total of standing and walking in an eight hour day; no crawling or climbing ladders, ropes, or scaffolds, as those are defined in the DOT/SCO; occasional balancing, crouching, kneeling, stooping, or climbing ramps or stairs, as those are defined in the DOT/SCO; frequent reaching with the right upper extremity; no more than occasional exposure to non-weather temperature extremes of heat or cold, vibration, or atmospheric conditions, as those are defined in the DOT/SCO; no exposure to hazards, as those are defined in the DOT/SCO; can carry out simple instructions; cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas; and can deal with occasional changes in a routine work setting.

*Id.* at 21.

At step four, the ALJ determined that Heckman "is unable to

perform any past relevant work." *Id.* at 27. At step five, the ALJ

determined that considering Heckman's "age, education, work

experience, and residual functional capacity, there are jobs that exist in

significant numbers in the national economy that the claimant can

perform." *Id.*

### D.    Issues on Appeal

Heckman's sole argument on appeal is that the ALJ failed to properly determine the RFC. *See* Pl.'s Br., doc. 11 at 1, 9. Because the ALJ "did weave supportability and consistency throughout her analysis of which doctors were persuasive," *Zaborowski v. Commissioner of Social Security*, 115 F.4th 637, 639 (3d Cir. 2024), and adequately explained the persuasiveness of the prior administrative medical findings (PAMFs) and medical opinions, the Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II.    LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v.*

*Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions

for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Heckman is disabled, but whether the Commissioner's finding that Heckman is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for

his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.   <u>DISCUSSION</u>

In challenging the ALJ's RFC determination, Heckman appears to argue that: (1) the limitations assessment should have been tethered to medical opinion evidence; and (2) that fibromyalgia warranted further assessment. *See* doc. 11 at 9, 14.

First, the ALJ was not required to tether his RFC assessment to the assessment of a particular medical opinion. An ALJ has an obligation to weigh the medical evidence and "make choices between conflicting medical evidence." *Williams v. Sullivan*, 870 F.2d 1178, 1187 (3d Cir. 1992). When, as in this case, medical opinions conflict, "the ALJ is not only entitled but *required* to choose between them." *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) (emphasis added). Moreover, the ALJ may "assess[] the RFC that falls between competing opinions." *Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016). Here, the ALJ did exactly that. The ALJ weighed the conflicting medical opinions of Dr. Baitel (finding overly restrictive limitations) and Drs. Kar and Chung (finding insufficient limitations) and assessed an RFC that fell between

these opinions. *See* doc. 9-2 at 24-25; *see also* doc. 11 at 10-11 (providing same).

Second, the ALJ adequately assessed fibromyalgia as a severe, medically determinable impairment and factored it into crafting the RFC. Doc. 9-2 at 18, 25.[2] The ALJ did so despite Heckman's failure to allege fibromyalgia as a disabling impairment in his application or at the oral hearing. *See* doc. 9-3 at 2 (alleging Scheuermann's disease, bulging disc, anxiety, and depression), 44 (discussing same). An ALJ is not obligated to consider impairments that a claimant does not allege are disabling. *See Rutherford v. Barnhart*, 399 F.3d 546, 552-53 (3d Cir. 2005). Here, the ALJ determined fibromyalgia as a severe impairment on independent review of Heckman's medical records, and went a step further to find that "greater limitations" is warranted because "persistent

---

[2] Heckman also argues that consultative examination should have been ordered to further assess his fibromyalgia. *See* doc. 11 at 13-14. "The decision to order a consultative examination is within the sound discretion of the ALJ." *Thompson v. Halter*, 45 F. App'x 146, 149 (3d Cir. 2002). That duty "does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Id.* Here, further consultative examination was not required as the ALJ relied on the voluminous medical evidence as a basis for finding that fibromyalgia is a severe impairment and assessed greater limitations in crafting the RFC, despite Heckman's failure to allege fibromyalgia as a disabling impairment.

fibromyalgia and spinal issues," "adds limitations to the residual functional capacity." Doc. 9-2 at 25.

Because the ALJ adequately assessed an RFC that fell between conflicting medical opinions and properly accounted for fibromyalgia as an impairment, the Court finds that the ALJ's RFC assessment is supported by substantial evidence. *Durden*, 191 F. Supp. 3d at 455; *Rutherford*, 399 F.3d at 553.

## IV.   <u>CONCLUSION</u>

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: March 30, 2026                     s/*Sean A. Camoni*
                                         Sean A. Camoni
                                         United States Magistrate Judge